**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4464**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

SYLVESTER LADALE NICHOLSON,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:08-cr-00118-NCT-1)

Submitted:  March 30, 2010               Decided:  May 7, 2010

Before MICHAEL,[*] MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

      [*] Judge Michael was a member of the original panel but did not participate in this decision.  This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sylvester Ladale Nicholson pled guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Nicholson as an armed career criminal to 230 months' imprisonment. Finding no error, we affirm.

On appeal, counsel contends that Nicholson's sentence is unreasonable because it is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a) (2006). When determining a sentence, the district court must calculate the appropriate advisory Guidelines range and consider it in conjunction with the factors set forth in § 3553(a). Gall v. United States, 552 U.S. 38, 49-50 (2007). Further, the district court "must place on the record an individualized assessment [of the § 3553(a) factors] based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks and citation omitted). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Gall, 552 U.S. at 41. A sentence within the properly calculated Guidelines range is presumed reasonable by this court. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

3

Counsel contends that the district court committed procedural error by failing to consider Nicholson's personal history in determining an appropriate sentence. See Gall, 552 U.S. at 51 (listing as "significant procedural error" a district court's "fail[ure] to consider the § 3553(a) factors"). The record does not support this assertion. Nicholson's personal history was detailed in the Presentence Investigation Report and highlighted by counsel during his sentencing argument. The district court acknowledged counsel's argument and agreed that the circumstances of Nicholson's past were significant. However, the court noted its concern that the current offense involved a shooting and that Nicholson had a violent criminal history. Thus, the court concluded that protection of the public outweighed other § 3553(a) factors. We cannot conclude on this record that the district court committed significant procedural error by failing to consider Nicholson's history. Nor can we conclude based on the district court's analysis that imposition of a 230-month sentence was substantively unreasonable, particularly in light of the presumption of reasonableness we may afford properly calculated within-Guidelines sentences. See Rita v. United States, 551 U.S. 338, 347 (2007).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and

4

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED